# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ROGER PADDOCK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>FAY SERVICING, LLC,<br><br>    Defendant. | Case No.: 14-cv-454<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Roger Paddock is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, a debt allegedly incurred for personal, family or household purposes.

5. Defendant Fay Servicing, LLC ("Fay") is a foreign limited liability company with its primary offices located at 939 W. North Ave., Suite 680, Chicago, IL 60642.

6. Fay is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Fay is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Fay is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about August 8, 2013, Fay mailed a debt collection letter to Plaintiff and his wife regarding an alleged debt, allegedly owed to "U.S. Bank National Association, as Trustee." A copy of this letter is attached to this complaint as Exhibit A.

9. Exhibit A is a "Servicing Transfer Letter" that Fay mailed to Plaintiff as part of a "Welcome Kit."

10. Upon information and belief, the alleged debt referred to in Exhibit A was a mortgage loan on Plaintiff's primary residence (the "Paddock Loan"). The proceeds of the Paddock Loan, were used only for personal, family or household purposes.

11. The Paddock Loan was in default before servicing rights were transferred to Fay.

12. The previous servicer, Citimortgage, Inc. (see Exhibit A, p. 1) had obtained a judgment of foreclosure against Plaintiff on June 28, 2013. *CitiMortgage Inc vs. Judy G Paddock et al.*, Milwaukee County Case No. 2011CV001329.

13. Upon information and belief, Citimortgage, Inc. transferred servicing rights to Fay for the purpose of Fay servicing the Paddock Loan during Plaintiff's six-month statutory redemption period. Wis. Stat. § 846.101(2).

14. Because Fay was retained to service the Paddock Loan after the loan was in default, Fay is a debt collector. 15 U.S.C. § 1692a(6); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003).

15. Upon information and belief, Exhibit A was the first letter that Fay sent to Plaintiff regarding the alleged debt referenced in the letter.

2

16. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. Upon information and belief, Exhibit A is a form, initial communication, debt collection letters used by Fay to attempt to collect alleged debts.

18. Exhibit A contains the following text:

### Fair Debt Collection Practices Act Disclosure

Please be advised that under the Fair Debt Collection Practices Act, you may, within thirty (30) days of receipt of this Welcome Kit, provide written notice disputing the validity of the debt, in whole or in part, or the debt will be presumed to be valid by the debt collector. Upon receipt of said written notice we will obtain verification of the debt or judgment against you, and a copy of such verification or judgment will be mailed to you along with the name and address of the original creditor if different from the current creditor.

Please see the enclosed Debt Validation Notice for additional information regarding your rights under the FDCPA.

19. Neither Exhibit A nor the "Welcome Kit" included any additional "Debt Validation Notice."

20. Upon information and belief, the paragraph reproduced in paragraph 18, *supra*, is Fay's attempt at the FDCPA debt validation notice. 15 U.S.C. § 1692g.

### VIOLATIONS OF THE FDCPA

21. The text in Fay's letter to Plaintiff is inconsistent with 15 U.S.C. § 1692g(a)(3), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(emphasis added).

3

22. <u>Exhibit A</u> states that the consumer's dispute of the alleged debt must be in writing; however, nothing in 15 U.S.C. § 1692g(a)(3) requires that notification of the dispute must be in writing.

23. Fay's misrepresentation is a material false statement.

24. Purporting to impose a writing requirement to dispute a debt raises an impediment to consumers who wish to dispute an alleged debt.

25. Oral disputes invoke some rights under the FDCPA. For example, a debt collector contacting third parties after an oral dispute must inform those parties that the debt is disputed, pursuant to § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed."

26. Oral disputes also trigger a consumer's rights under several other federal and state statutes. The Fair Credit Reporting Act, for example, requires all persons who furnish information to a credit reporting agency ("CRA") to provide notice of the dispute to the CRA if the debt is disputed by the consumer. 15 U.S.C. § 1681s-2(a)(3).

27. In addition, oral disputes invoke the provisions of the Wisconsin Consumer Act that regulate debt collection. Wis. Stat. § 427.104(1)(f).

28. Fay's conduct has been repeatedly found to violate the FDCPA. *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."); *Beattie v. Capital One F.S.B.*, No. 05-cv-310-CNC, slip op. at 6-7 (E.D. Wis. Nov. 8, 2005); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 929 (S.D. Ind. 2004); *Spearman v. Tom Wood*

4

*Pontiac-GMC, Inc.*, 00-CV-1340-C-T/K, 2002 WL 31854892 at *8 (S.D. Ind., Nov. 4, 2002); *Walters v. PDI Management* Services, 02-CV-1100-JDT-TAB, 2004 WL 1622217 at *4-5 (S.D. Ind., April 6, 2004), *modified by Walters v. PDI Management Services*, 2004 WL 2137513 (S.D. Ind., Jun 14, 2004); *contra. Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

## COUNT I – FDCPA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. The language in Fay's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter tells the consumer that disputes must be in writing, when the plain language of the statute does not require disputes to be made in writing. 15 U.S.C. § 1692g(a)(3); *Camacho*, 430 F.3d at 1081.

31. Defendant has failed to accurately provide the notice required by 15 U.S.C. § 1692g(a)(3).

32. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(3).

## COUNT II – FDCPA

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34. The language in Fay's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter tells the consumer that disputes must be in writing, when the plain language of the statute does not require disputes to be made in writing. 15 U.S.C. § 1692g(a)(3); *Camacho*, 430 F.3d at 1081.

35. Defendant's misstatement of the consumer's dispute rights is a false representation or deceptive means to collect or attempt to collect any debt.

36. The Defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 18, 2013, (e) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 18, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com